UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE EVANS, | ) | Case No. 1:11CV379 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

Petitioner, George Evans ("Petitioner"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  He challenges the constitutionality of his Cuyahoga County, Ohio Court of Common Pleas convictions for rape in violation of Ohio Revised Code ("ORC") § 2907.02 and kidnapping in violation of ORC § 2905.01(A) with accompanying firearm specifications, a notice of prior conviction, repeat violent offender specifications ("RVOS") and a sexually violent predator specification.  ECF Dkt. #11-1 at 383[1].

On May 12, 2011, Respondent Margaret Bradshaw, Warden of Richland Correctional Institution in Mansfield, Ohio ("Respondent"), filed an answer/return of writ.  ECF Dkt. #5.  On August 5, 2011, Petitioner filed a traverse.  ECF Dkt. #8.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice:

## I.  SYNOPSIS OF THE FACTS

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal.  These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §2254(e)(1);

---

[1]  Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

*Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set forth by the Ohio Court of Appeals, the facts are:

> In 2004, Evans was charged with rape and kidnapping, each charge containing a notice of prior conviction, one-year and three-year firearm specifications, a repeat violent offender specification, and a sexually violent predator specification.  The matter was tried to the bench where the following evidence was presented.

> In February 2004, the female victim was walking to a bus stop on her way to an appointment at YO! Cleveland ("YO!") when Evans approached her.  He grabbed her purse and told her, "Come with me."  Evans then led her into an apartment building which was about five or ten feet away.  He unlocked the door to his sister's apartment, went inside, and pushed the victim onto the couch.

> After speaking briefly with his sister, Evans returned to the couch and forcefully kissed the victim, while placing his arm on her neck.  When the victim refused to perform oral sex, Evans undid her belt and jeans.  He then digitally raped the victim, stopping when the victim began crying and told him he was hurting her.  Evans told her he would take her to her appointment and then bring her back to the apartment.  When he went to speak with his sister, the victim took a piece of mail from the coffee table to give to police.

> The victim then got into the back seat of Evans' car, and Evans proceeded to pick up a friend.  After dropping the friend off at her apartment, Evans drove the victim to her appointment at YO! and waited in the parking lot.  Once inside the building, the victim wrote down the license plate number and other details which would identify Evans.  She met with her career coach, David Days ("Days"), and eventually told him what had just happened to her.

> Anthony Jackson ("Jackson"), the building's security guard, testified that when the victim entered the building, she appeared distraught and wiped away tears.

> Evans testified that the sexual contact between him and the victim was consensual and was initiated by her.

> The trial court found Evans guilty of rape and kidnapping, along with all specifications, except for the three-year firearm specification.  He was sentenced to one year in prison on the firearm specification and three years on the repeat offender specification, and these terms were to be served prior to and consecutive to the concurrent ten-year sentences imposed for rape and kidnapping, for a total of fourteen years to life due to the sexually violent predator specification.

ECF Dkt. #5-1 at 118-119.

## II.     PROCEDURAL HISTORY

### A.     State Trial Court

In its January 2004 term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner on rape

in violation of ORC § 2907.02 with a notice of prior conviction for rape and a RVOS as well as a one-year firearm specification, a three-year firearm specification, and a sexually violent predator specification; and kidnapping in violation of ORC § 2905.01 with a notice of prior conviction for rape, a RVOS, a one-year and three-year firearm specification, a sexual motivation specification, and a sexually violent predator specification.  ECF Dkt. #5-1 at 46-47.

Petitioner entered a not guilty plea to the charges and waived his right to trial by jury, instead choosing to have his case tried by the court.  ECF Dkt. #5-1 at 49.

On August 20, 2004 after a trial to the bench, the trial court found Petitioner guilty of:  rape and kidnapping, with the accompanying one-year firearm specifications, the RVOS and the sexually violent predator specifications.  ECF Dkt. #5-1 at 50.  The court sentenced Petitioner to a total of fourteen years to life imprisonment, consisting of one year on the firearm specifications, plus three years on the RVOS, which were to be served prior to and consecutively to ten years each on the rape and kidnapping charges, with those sentences to run concurrently with each other.  *Id.*  at 51.

**B**.    **Direct Appeal**

On October 13, 2004, Petitioner, pro se, filed a notice of appeal to the Eighth District Court of Appeals.  ECF Dkt. #5-1 at 52.  Petitioner, through counsel, asserted the following assignments of error:

1.    THE CONVICTION FOR KIDNAPPING IS CONTRARY TO LAW BECAUSE THE MINIMAL ASPORTATION OF FIVE OR TEN FEET CANNOT SUSTAIN A CRIME SEPARATE AND DISTINCT FROM RAPE.  THE CONVICTION IS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE ELEMENT OF FORCE WAS NOT PROVEN BEYOND A REASONABLE DOUBT.

2.    THE TRIAL COURT ENTERED A FINDING OF GUILT ON THE RAPE CHARGE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES.

3.    THE TRIAL COURT IMPOSED A MAXIMUM TEN YEAR SENTENCE BASED ON FACTORS NOT PERMITTED BY LAW AND ALSO IMPOSED CONSECUTIVE SENTENCES WITHOUT THE LEGALLY REQUIRED FINDINGS.

4.    THE TRIAL COURT UNLAWFULLY IMPOSED A ONE YEAR MANDATORY SENTENCE FOR A FIREARM SPECIFICATION SINCE THE RECORD CONTAINED NO EVIDENCE OF FIREARM.

-3-

5.   THE TRIAL COURT'S IMPOSITION OF A REPEAT VIOLENT OFFENDER SPECIFICATION IS UNLAWFUL BECAUSE THERE IS NEITHER EVIDENCE OF SERIOUS PHYSICAL HARM NOR EVIDENCE OF AN ATTEMPT TO CAUSE SERIOUS PHYSICAL HARM.

6.   DEFENDANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S NUMEROUS ERRORS THAT DEPRIVED DEFENDANT OF HIS RIGHT TO COUNSEL AND DUE PROCESS AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND OHIO.

*Id*. at 55-56.

On August 8, 2008, the Ohio appellate court affirmed the trial court's decision in part, reversed in part and remanded the case for resentencing.  ECF Dkt. #5-1 at 117.  The court found no merit to Petitioner's assertion that his conviction for kidnapping was contrary to law or that it was against the manifest weight of the evidence or based upon an insufficiency of the evidence.  *Id*. at 124-126.  The court also found that Petitioner's rape conviction was not against the manifest weight of the evidence.  *Id*. at 127-182.

However, the appellate court found that "[a]lthough not specifically argued," Petitioner's sentence on the RVOS was contrary to law because the trial court failed to make the required findings to support the RVOS sentence.  ECF Dkt. #5-1 at 128-129.  The appellate court vacated Petitioner's entire sentence and remanded Petitioner's case.  *Id*.  The court also conducted a plain error review and found that the trial court unlawfully imposed a one-year mandatory sentence for a firearm specification because no evidence of a firearm existed in the record.  *Id*.  The appellate court found no merit to Petitioner's remaining assertions that the trial court's imposition of the RVOS was unlawful or that his counsel was ineffective.  *Id*. at 132-139.

**C.   Supreme Court of Ohio**

On September 12, 2005, the State filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt.#5-1 at 147.  Petitioner, through counsel, filed a notice of appeal to the Supreme Court of Ohio as well.  *Id.* at 150.

In its memorandum in support of jurisdiction, the State asserted the following proposition of law:

-4-

> THE COURT OF APPEALS ERRORS[sic] BY VACATING AN ENTIRE SENTENCE WHEN ONLY ONE SENTENCE OF SEVERAL IMPOSED IS FOUND TO BE IN ERROR

ECF Dkt. #5-1 at 156.  In his cross-appeal memorandum in support of jurisdiction and response to the State's memorandum in support of jurisdiction, Petitioner, through counsel, raised the following propositions of law:

> 1.  IT IS INEFFECTIVE ASSISTANCE OF COUNSEL WHEN AN APPELLATE COURT INVOKES PLAIN ERROR DOCTRINE ON THREE OCCASIONS DUE TO TRIAL COUNSEL'S SILENCE AND WHEN TRIAL COUNSEL FAILS TO USE A PRELIMINARY HEARING TRANSCRIPT TO IMPEACH THE ALLEGED VICTIM'S TRIAL TESTIMONY WITH MATERIAL INCONSISTENT STATEMENTS.
>
> 2.  IT IS A DENIAL OF DUE PROCESS TO CONVICT A DEFENDANT OF KIDNAPPING AND RAPE WHEN THERE IS INSUFFICIENT EVIDENCE OF THE ELEMENTS OF FORCE, LACK OF CONSENT, AND ASPORTATION. IT IS CONTRARY TO OHIO LAW TO CONVICT A DEFENDANT OF FIRST-DEGREE FELONY KIDNAPPING IF THE VICTIM WAS RELEASED IN A SAFE ENVIRONMENT.
>
> 3.  A DEFENDANT IS DENIED A FAIR TRIAL TO THE BENCH WHEN THE TRIAL COURT CONVICTS A DEFENDANT OF FIREARM SPECIFICATIONS WITHOUT EVIDENCE OF A FIREARM AND WHEN THE TRIAL COURT EXHIBITS BIAS BY REPEATEDLY CRITICIZING A DEFENDANT FOR EXERCISING THE RIGHT TO TRIAL INSTEAD OF ENTERING INTO A PLEA AGREEMENT.

*Id.* at 198.  The State thereafter filed a memorandum in response to Petitioner's cross-memorandum in support of jurisdiction.  *Id*. at 245.

On January 25, 2006, the Supreme Court of Ohio issued an entry denying Petitioner's leave to cross-appeal as not involving any substantial constitutional question.  ECF Dkt. #5-1 at 257.  The court did accept the State's appeal, holding the decision and delaying briefing until the Supreme Court of Ohio decided the case of *State v. Saxon*, 109 Ohio St.3d 176, 846 N.E.2d 824 (2006).  *Id*. On March 31, 2006, the Supreme Court of Ohio sua sponte found that the case no longer needed to be held for determination of *State v. Saxon* and ordered briefing on the matter.  *Id*. at 258.  The State filed its merit brief arguing that the appellate court's alleged erred in vacating Petitioner's entire sentence when only one of several sentences was found erroneous.  *Id*. at 264.  Petitioner filed a brief in response.  *Id.* at 297.

On March 7, 2007, the Supreme Court of Ohio issued a judgment entry indicating that it had considered the matter as prescribed by law and remanded the case to the court of appeals "for its further consideration in conformity with this Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 [2006], *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1 [2006], *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824 [2006], and this case." ECF Dkt. #5-2 at 315.  The court also remanded the case for the appellate court to consider the issue of whether Petitioner suffered retaliatory sentencing because he exercised his right to a trial. *Id*. at 312.

On April 25, 2007, Petitioner, through counsel, filed a remand brief in the Ohio appellate court reasserting his third assignment of error that:

> THE TRIAL COURT IMPOSED A MAXIMUM TEN YEAR SENTENCE BASED ON FACTORS NOT PERMITTED BY LAW AND ALSO IMPOSED CONSECUTIVE SENTENCES WITHOUT THE LEGALLY REQUIRED FINDINGS.

ECF Dkt. #5-2 at 317.  The State filed a remand brief as well. *Id*. at 321.  The appellate court considered only the law and argument part of the State's brief and struck the first eleven pages of the remand brief at the motion of Petitioner because the brief was longer than that ordered by the court. *Id.* at 343.

On July 9, 2007, the appellate court vacated Petitioner's sentence and ordered his case remanded for resentencing.  ECF Dkt. #5-2 at 344.  The court found no merit to Petitioner's claim of retaliatory sentencing but did find that the trial court violated his right to allocution because the court cut off Petitioner during his allocution and "hardly afforded" Petitioner "the chance to speak at all." *Id*. at 348-349.

On August 14, 2007, Petitioner filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #5-2 at 356.  Petitioner, through counsel, asserted the following propositions of law:

> 1. A REVIEWING COURT MAY NOT REMAND A CASE FOR RESENTENCING WHEN IT FINDS BY A REASONABLE LIKELIHOOD THAT THE TRIAL COURT EXHIBITED A RETALIATORY ANIMUS AGAINST A DEFENDANT AND THEREFORE MUST USE ITS AUTHORITY TO MODIFY A SENTENCE PURSUANT TO R.C. 2953.08(G)(2).

> 2.    WHEN A TRIAL COURT REPEATEDLY INTERRUPTS A DEFENDANT DURING ALLOCUTION AND WHEN A TRIAL COURT STOPS A DEFENDANT FROM APOLOGIZING BEFORE THE TRIAL COURT IMPOSES A THIRTEEN-YEAR SENTENCE, IT CREATES A PRESUMPTION OF HOSTILITY DURING SENTENCING WHICH VIOLATES THE RIGHT TO DUE PROCESS.

*Id.* at 359.  On November 21, 2007, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.  *Id*. at 387.

### D.    2005 Resentencing

During the pendency of the appeal to the Supreme Court of Ohio, the trial court held a resentencing hearing and on October 5, 2005, resentenced Petitioner to concurrent ten-year terms of imprisonment for the rape and kidnapping convictions with three years of imprisonment on the RVOS to be served consecutively to the other sentences.  ECF Dkt. #5-2 at 388.  The court also imposed post-release control as part of the prison sentence.  *Id.*

On October 20, 2005, Petitioner, through counsel, filed a notice of appeal to the Ohio appellate court.  ECF Dkt. #5-2 at 389.  Petitioner presented the following assignments of error on appeal:

> 1.    THE TRIAL COURT IMPOSED A MAXIMUM TEN YEAR SENTENCE BASED ON FACTORS NOT PERMITTED BY LAW BECAUSE THE RECORD SHOWS THAT DEFENDANT'S SENTENCE WAS BASED IN PART ON HIS FAILURE TO PLEAD GUILTY.
>
> 2.    THE TRIAL COURT'S FELONY SENTENCE IS CONTRARY TO LAW BECAUSE IT IMPOSED A SENTENCE THAT IS INCONSISTENT WITH OTHER SENTENCES FOR RAPE AND KIDNAPPING IN CUYAHOGA COUNTY.
>
> 3.    THE TRIAL COURT'S ORDER OF RESTITUTION IS CONTRARY TO LAW SINCE A DOLLAR AMOUNT WAS NOT DETERMINED AT THE TIME OF SENTENCING.

*Id.* at 391.  The State filed an appellate brief and then a motion to dismiss Petitioner's appeal because he had not appealed from a final appealable order.  *Id.* at 406-439.  The State noted that the trial court had failed to include in the journal entry upon resentencing the sentence for the convictions on the sexual motivation specification and the sexually violent predator specification.  *Id*. at 438.

-7-

On March 10, 2006, the Ohio appellate court agreed with the State and dismissed Petitioner's appeal for lack of a final appealable order. ECF Dkt. #5-2 at 441.

### E. 2007 Resentencing

On September 7, 2007, after another resentencing hearing, the trial court sentenced Petitioner to concurrent ten-year terms of imprisonment on the rape and kidnapping convictions, three years in prison for the RVOS to be served consecutively with the other sentences, and an indefinite life sentence for the sexually violent predator specification with post-release control for five years. ECF Dkt. #5-2 at 442.

Petitioner appealed the resentencing and on January 30, 2008, Petitioner, through counsel, filed his appellate brief alleging the following assignment of error:

> 1. THE RVO ENHANCED SENTENCE IMPOSED UPON APPELLANT CONSTITUTED A DEPRIVATION OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW AND A VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY.

ECF Dkt. #5-2 at 443-470. The State filed an appellate brief and on August 25, 2008, the appellate court affirmed the trial court's judgment and sentence. *Id*. at 471, 481.

On October 9, 2008, Petitioner, through counsel, filed an appeal to the Supreme Court of Ohio. ECF Dkt. #5-2 at 490. Petitioner raised the following proposition of law in his memorandum in support of jurisdiction:

> 1. The RVO-enhanced sentences imposed upon appellant constituted a deprivation of his liberty without due process of law and a violation of his constitutional right to a trial by jury.

*Id*. at 493.

After accepting the appeal and holding the case until after the court's decision in *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, 915 N.Ed.2d 292 (2009), the Supreme Court of Ohio issued a judgment entry affirming the judgment of the Ohio appellate court pursuant to its decision in *Hunter*. ECF Dkt. #5-2 at 518.

### III. 28 U.S.C. § 2254 PETITION

On February 22, 2011, Petitioner, through counsel, filed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. Petitioner raises the following ground for relief in that

-8-

petition:

> GROUND ONE:
>
> Mr. Evans was denied his Sixth Amendment right to trial by jury when he was sentenced to three years on the basis of Ohio's Repeat Violent Offender statute, which provides for punishment on the basis of judicial findings that exceeds that available on the basis of a jury's verdict.

*Id.* at 4, 7.  On May 12, 2011, Respondent filed an Answer/Return of Writ.  ECF Dkt. #5.  On August 5, 2011, Petitioner, through counsel, filed a Traverse  ECF Dkt. #8.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent concedes that Petitioner's instant federal habeas corpus petition is timely filed and Respondent raises no issues regarding procedural barriers.  Respondent proceeds directly to the merits of Petitioner's sole ground for relief.  The undersigned shall do the same.

## V.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A.     Decisions of lower federal courts may not be considered.

> B.     Only the holdings of the Supreme Court, rather than its dicta, may be considered.

> C.     The state court decision may be overturned only if:

>> 1.     It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

>> 2.     the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme

-10-

Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.  'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.  the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.  Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.  Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

The United States Supreme Court has recently elaborated on the scope of AEDPA deference to state court decisions.  *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011); *Walker v. Martin*, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011); *Harrington v. Richter*, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *Premo v. Moore*, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011); *Renico v. Lett*, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010). The Court has reminded that the "state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington*, 131 S.Ct. at 787; *see also Cullen*, 131 S.Ct. at 1398; *Walker*, 131 S.Ct. at 1120; *Premo*, 131 S.Ct. at 733; *Renico*, 130 S.Ct. at 1855. The Court notes that while AEDPA does not completely bar a federal habeas corpus petitioner from relitigating claims already rejected in state court, the AEDPA standard is a difficult standard to meet and the standard is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen*, 131 S. Ct at 1398 (internal quotations and citations omitted).

-11-

In *Harrington*, the United States Supreme Court reiterated that "[a]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." 131 S.Ct. at 785, quoting *Williams*, 529 U.S. at 412.  The Court explained that:

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles v. Mirzayance*, 556 U.S. ——, ——, 129 S.Ct. 1411, 1413–14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

131 S.Ct. at 786.  Accordingly, "[a]s a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87.  In evaluating a federal habeas claim under the AEDPA, a federal court must "determine what arguments or theories supported, or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id*. at 786.

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509

U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## VI.  ANALYSIS

In his sole ground for relief, Petitioner contends that the trial court violated his constitutional rights to due process and a jury trial by imposing the RVOS enhanced sentence of three years based upon facts beyond those recognized under the "prior conviction" exception announced by *Apprendi* and its progeny.  ECF Dkt. #1 at 12.  Petitioner asserts that the Supreme Court of Ohio's ruling in *State v. Hunter*, 123 Ohio St.3d 164, 915 N.E.2d 292 (2009), the ruling relied upon by that court in his case to uphold the enhanced sentence, is contrary to and an unreasonable application of United States Supreme Court precedent.  For the following reasons, the undersigned recommends that the Court deny Petitioner's § 2254 federal habeas corpus petition.

Petitioner contends that because his criminal conduct occurred before August 3, 2006, the effective date of the General Assembly's amendment to the statutory provisions related to RVOS, the prior RVOS law applies.  ECF Dkt. #1 at 7.  However, Petitioner is not challenging the decisions regarding his original sentencing.  Rather, he argues that his September 4, 2007 *resentencing* was unconstitutional since he asserts that the Supreme Court of Ohio's decision in *Hunter* and contends that *Hunter* is contrary to and an unreasonable application of the United States Supreme Court's precedent in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  Accordingly, to the extent that Petitioner asserts a constitutional violation of the original sentencing by the trial court, the Court should reject that contention.

As to his challenge to the 2007 resentencing and decisions affirming that sentence, the undersigned notes that prior to his initial sentencing, the United States Supreme Court decided *Apprendi* and held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.  The United States Supreme Court thereafter decided *Blakely* and held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts.  *Blakely*, 542 U.S. at 303.

In *State v. Foster*, the Supreme Court of Ohio held that certain part of Ohio's sentencing statute were unconstitutional under *Blakely* because they allowed courts to impose enhanced sentences based upon additional fact-finding by a judge, rather than by a jury. 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  The Supreme Court of Ohio remedied this defect by applying the remedy set forth by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and severing portions of the sentencing statutes that required judges to make these findings to support sentence enhancements.  *Id.*  Among those statutes found unconstitutional was part of the RVO statute, Ohio Revised Code § 2929.14(D)(2)(b), the statute that the original sentencing trial court in this case used to sentence Petitioner to an additional three years for the RVO specification.  *Id*. at 23.  In severing part of that statute, the *Foster* court stated that "[a]fter the severance, judicial fact finding is not required before imposition of additional penalties for repeat violent offender and major drug offender specifications."  *Id*. at 29-30.  The court held that those cases pending on direct review must be remanded in order to be sentenced consistently with *Foster*. *Id*. at 31.

In *Hunter*, the case challenged by Petitioner in the instant case as contrary to or an unreasonable application of United States Supreme Court precedent, the Supreme Court of Ohio rejected Hunter's argument that *Foster* eliminated the RVO specification altogether. 123 Ohio St.3d at 169.  The Supreme Court of Ohio relied upon the United States Supreme Court's decisions in

-14-

*Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 714, 172 L.Ed.2d 517 (2009) and *Shepard v. United States,* 544 U.S. 13, 19-20, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) in holding that the fact-finding conducted by the trial court did not violate the Sixth Amendment, even if Hunter had not already waived his right to a jury trial or stipulated to his prior conviction. *Hunter,* 123 Ohio St.3d at 169. The Ohio Supreme Court held that:

> Our opinions in *Foster* and *Mathis* [109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855 (2006)] patently demonstrate our intent to excise only the portions of former R.C. 2929.14(D)(2)(b) that required judicial fact-finding in violation of the Sixth Amendment and the United States Supreme Court's decisions in *Apprendi* and *Blakely.* We never specifically precluded a trial court from imposing enhanced penalties for a repeat violent offender specification, nor did we excise the definition of a repeat violent offender as set forth in former R.C. 2929.01(DD). Furthermore, none of our decisions after *Foster* indicate that this specification no longer exists. Thus, Foster excised judicial fact-finding from former R.C. 2929.14(D)(2) but did not eliminate the repeat violent offender specification, as defined in former R.C. 2929.01(DD).

*Id.*

Hunter had challenged the trial court's designation of him as a repeat violent offender based upon his stipulations that he had a prior felonious assault conviction with a physical harm specification and his prior service of prison time for that conviction. The Supreme Court of Ohio found three bases for finding that the trial court did not violate Hunter's Sixth Amendment right to a jury trial by making such findings. *Hunter,* 123 Ohio St.3d at 169. The court first found that Hunter had waived his right to make such an assertion because he chose to allow the court to determine his status as a repeat violent offender which resulted in a voluntary waiver of his *Apprendi* rights to a jury determination of the enhancement. *Id.* at 169-170. Relying upon *Blakely,* the Supreme Court of Ohio found that a defendant may waive such a right and that Hunter had done so in his case so that he could avoid presenting evidence regarding his prior conviction to a jury. *Id.* at 170. Second, the Supreme Court of Ohio found that Hunter had stipulated to all of the facts surrounding his prior conviction so that the trial court could designate him as a repeat violent offender. *Id.* Thus, the court found that no trial court fact-finding was even necessary and no Sixth Amendment violation had occurred. *Id.* Relying upon *Ice* and *Shepard,* the Supreme Court of Ohio lastly held that no Sixth Amendment violation had occurred even if Hunter had not waived his right to a jury trial or had stipulated to the relevant facts in order to find him to be a repeat violent

offender. *Id.*  In so holding, the Ohio Supreme Court explained that:

> In *Oregon v. Ice* (2009), —— U.S. ——, 129 S.Ct. 711, 714, 172 L.Ed.2d 517, the Supreme Court reiterated its holdings in *Apprendi* and *Blakely* that "it is within the jury's province to determine any fact ( other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense." (Emphasis added.) And as the Supreme Court noted in *Apprendi*, the Sixth Amendment does not bar judicial consideration of a defendant's prior convictions at sentencing because " 'recidivism * * * is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' " 530 U.S. at 488, 120 S.Ct. 2348, 147 L.Ed.2d 435, quoting *Almendarez–Torres v. United States* (1998), 523 U.S. 224, 244, 118 S.Ct. 1219, 140 L.Ed.2d 350.

> Significantly, the Sixth Amendment does not limit a sentencing court's consideration to the existence of a prior conviction. On the contrary, the United States Supreme Court has held that courts may consider the information contained in court documents that are related to the prior conviction. In *Shepard v. United States* (2005), 544 U.S. 13, 19–20, 125 S.Ct. 1254, 161 L.Ed.2d 205, the court held that a sentencing court, when determining whether a prior conviction warrants an enhanced penalty under the federal Armed Career Criminal Act ("ACCA"), may consider "the charging documents, jury instructions, a bench-trial judge's findings of fact and conclusions of law, the terms of a plea agreement, a transcript of the plea colloquy or other comparable judicial records." *See also Taylor v. United States* (1990), 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (holding that for purposes of penalty enhancement, a sentencing court may determine**299 the nature of a predicate offense from the statutory elements, charging documents, and jury instructions).

> Relying on the decisions in *Apprendi, Blakely, Shepard*, and *Taylor*, several of our sister states have also held that sentencing courts may look beyond the mere existence of a prior conviction without violating the Sixth Amendment. For example, in *Ryle v. State* (Ind.2005), 842 N.E.2d 320, the Supreme Court of Indiana affirmed an enhanced sentence based on a judicial finding from information about a prior offense contained in a presentence investigation report. The court stated that "[t]he presentence investigation report relies on 'judicial record[s]' that guarantee the conclusive significance that is the focus of *Apprendi*." *Id.* at 325, quoting *Shepard*, 544 U.S. at 26, 125 S.Ct. 1254, 161 L.Ed.2d 205. See also *172 People v. McGee* (2006), 38 Cal.4th 682, 687, 42 Cal.Rptr.3d 899, 133 P.3d 1054 ("the trial court in the present case did not violate defendant's rights by examining the record of the robbery convictions previously sustained by defendant in Nevada and by concluding that each of these offenses constituted a conviction of a 'serious felony' for purposes of the applicable California sentencing statute"); *State v. Pierce* (2006), 188 N.J. 155, 163, 902 A.2d 1195 ("we find no Sixth Amendment violation in the sentencing court's consideration of objective facts about defendant's prior convictions, such as the dates of convictions, his age when the offenses were committed, and the elements and degrees of the offenses, in order to determine whether he qualifies as a 'persistent offender' " for sentence-enhancement purposes); *People v. Huber* (Colo.2006), 139 P.3d 628, 633 ("Because a defendant's sentence to probation or supervision can be found in the judicial record, we conclude that a trial court may properly consider this fact without violating the defendant's *Blakely* rights"); *State v. Fagan* (2006), 280 Conn. 69, 100, 905 A.2d 1101 ("the defendant's status as to whether he lawfully had been on release at the time of the offense for which he was convicted * * * was a question that also did not require a jury determination"); *State v. Jones* (2006), 159 Wash.2d 231, 247, 149 P.3d 636 ("because the community placement sentence

determination * * * can be readily determined by a limited examination of the record flowing from the prior conviction, we conclude that a court, rather than a jury, may, pursuant to *Almendarez–Torres*, make, constitutionally, the * * * community placement determination").

Thus, pursuant to *Shepard,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205, we hold that when designating an offender as a repeat violent offender pursuant to former R.C. 2929.01(DD), a trial court does not violate the Sixth Amendment by considering relevant information about the offender's prior conviction that is part of the judicial record.

In this case, in order to declare Hunter a repeat violent offender, the court had to determine whether he had a prior conviction and had served a prison term for a felony of the first or second degree that resulted in physical harm to the victim. Former R.C. 2929.01(DD)(1) and (2)(a)(i). These facts may be readily determined from the indictment and sentencing entry for his 1990 conviction for felonious assault with a specification of physical harm and his resulting sentence of eight to 15 years' incarceration. The trial court did not violate Hunter's constitutional rights by considering these documents, which are "judicial record evidence" created in connection with his prior conviction. *Shepard*, 544 U.S. at 20, 125 S.Ct. 1254, 161 L.Ed.2d 205. Moreover, the findings required by former R.C. 2929.01(DD) pertain directly to the issue of recidivism, **300 which has traditionally been within the purview of the sentencing court, not the jury, *Almendarez–Torres*, 523 U.S. at 244, 118 S.Ct. 1219, 140 L.Ed.2d 350, and Hunter has not suggested that the trial court's findings in this case are erroneous.

*Id.* at 171-172.

In the instant case, as in *Hunter*, Petitioner waived his right to trial by jury and consented to have his case tried by the court.  ECF Dkt. #5-1 at 49.  He also stipulated to his prior conviction, although he later asserted on appeal that counsel was ineffective in making such a stipulation.  *Id.* at 76, 79.  Nevertheless, issues of waiver and stipulation arise and the Court could find that Petitioner waived his *Apprendi/Blakely* rights by consenting to a trial to the court and stipulating to his prior convictions.

Should the Court choose to find that waiver and/or stipulation does not bar consideration of Petitioner's ground for relief, the undersigned recommends that the Court find that the Supreme Court of Ohio's decision in Petitioner's case was not contrary to or an unreasonable application of federal law.  The Supreme Court of Ohio relied upon its decision in *State v. Hunter* to affirm the underlying judgment that Petitioner's resentencing, which included a three-year enhancement for being a repeat violent offender, was constitutional.

-17-

The instant case is similar to that of *Bruce v. Tibbals*.  In *Bruce*, United States Magistrate Judge Knepp of this District recommended that the District Court find that the Supreme Court of Ohio's decision which also relied upon *State v. Hunter* to uphold his designation and enhanced sentenced as a repeat violent offender was not contrary to or an unreasonable application of federal law.  2011 WL 4833118, at *8.  Magistrate Judge Knepp found that no Sixth Amendment  violation occurred because the statute under which Bruce was sentenced did not require the trial court to make Sixth Amendment-violative findings.  No. 1:10CV1784, 2011 WL 4833118 (N.D. Ohio May 11, 2011), unpublished, Report and Recommendation adopted by 2011 WL 4833528 (N.D. Ohio Oct. 12, 2011).

Magistrate Judge Knepp cited the repeat violent offender statute under which Bruce was sentenced, former Ohio Revised Code section 2929.01(DD)(1)-(2), the same statute under which Petitioner in the instant case was resentenced, and found that it was not violative of the Sixth Amendment:

> Here, to apply the repeat violent offender specification, the court simply had to find 1) Petitioner was being sentenced for "a felony of the first or second degree that is an offense of violence" and 2) Petitioner "previously was convicted of or pleaded guilty to" "a felony of the first or second degree that is an offense of violence." Former Rev.Code §§ 2929.01(DD)(1)-(2).

*Bruce*, 2011 WL 4833118, at *8.  Bruce was sentenced in 2007, the same year that Petitioner in this case was resentenced.  *Id*. at *2; ECF Dkt. #5-1 at 50.  Bruce had waived his right to a jury trial on his notice of prior conviction, as did Petitioner in this case.  *Bruce*, 2011 WL 4833118,  at *2; ECF Dkt. #5-2 at 347.  Bruce's previous and current convictions were for rape, the same prior and instant convictions of Petitioner in this case.  *Bruce*, 2011 WL 4833118, at *8; ECF Dkt. #5-1 at 133.

Magistrate Judge Knepp also reviewed former section 2929.14(D)(2) of the Ohio Revised Code, which provided for discretionary additional penalties and mandatory additional penalties. *Bruce*, 2011 WL 4833118, at *8-9.  Magistrate Judge Knepp explained that while two of the five factors in the subsection  (a) of that statute contained factors that were deemed violative of the Sixth Amendment in *Foster*, Bruce met the criteria of subsection (b) of that statute which provided for "a mandatory penalty with no Sixth Amendment-violative findings."  *Id*. at *9.  Judge Knepp found that

under subsection (b), the trial court had to only find that (1) Bruce was a repeat violent offender under § 2941.149; (2) Bruce has been convicted of three or more offenses described in section 2929.01(DD)(1), which included the current offenses, within the last twenty years; and (3) that the offenses for which Bruce was currently convicted is a "felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole."  *Id*., quoting Ohio Rev. Code § 2929.14(D)(2)(b).

Just as in *Bruce*, the undersigned recommends that the Court find that in order for the trial court in Petitioner's case to apply the RVOS at resentencing, no Sixth Amendment-violative findings of fact were necessary.  The court simply had to find under former Ohio Revised Code section 2929.01(DD)(1)-(2) that Petitioner was (1) being sentenced for committing "any felony of the first or second degree that is an offense of violence" and (2) that he "previously was convicted of or pleaded guilty to an offense described in division (DD)(1)(a) or (b)" which included "any felony of the first or second degree that is an offense of violence."   Former Ohio Rev. Code § 2929.01(DD)(effective 8/3/06).  In the instant case, as in *Bruce*, Petitioner was being sentenced for rape, a first degree felony and an  "offense of violence" under Ohio Revised Code sections 2907.02(B) and 2901.01(A)(9)(a).   In the instant case, Petitioner was also being sentenced for kidnapping, which is also a first degree felony and an offense of violence.  *Id.*  Moreover, Petitioner in this case, like Bruce, met the criteria of subsection (b) of Ohio Revised Code section 2929.14(D)(2) which contained no Sixth Amendment-violative findings.

Magistrate Judge Knepp also reviewed the caselaw from the United States Supreme Court excepting "'the fact of a prior conviction' from its general rule that sentence-enhancing facts must be found by a jury and proved beyond a reasonable doubt." *Bruce*, 2011 WL 4833118, at *8, quoting *U.S. v. Beasley,* 442 F.3d 386, 691 (6th Cir.2006) (citing *Booker*, 543 U.S. at 244; *Apprendi*, 530 U.S. at 490).  He found that the Ohio Supreme Court's analysis in *Hunter*, which was based in part on the United States Supreme Court's finding that the Sixth Amendment is not violated when a district court uses the findings regarding the fact and nature of a defendant's prior convictions to increase his sentence under the Armed Career Criminal Act, was not an unreasonable application of clearly

established federal law. *Bruce*, 2011 WL 4833118, at *8.  The Court should apply the same analysis in the instant case and find that the Supreme Court of Ohio's relied upon *Hunter* to uphold the trial court's three-year additional sentence for Petitioner based upon the RVOS was not contrary to or an unreasonable application of federal law.

Petitioner in the instant case also asserts in his traverse that because his criminal conduct pre-dated *Foster's* severance remedy, the Ex Post Facto Clause of the United States Constitution was violated.  ECF Dkt. #8 at 560.  Petitioner contends that the Ohio Supreme Court's decision in *Foster* resulted in a remedy that "constitutes a significantly more severe departure from Ohio's previous sentencing regime and the settled expectations of criminal defendants."  *Id.*  The undersigned first notes that the Court need not consider this argument because it was not raised until Petitioner's Traverse.  *See Tyler v. Mitchell*, 416 F.3d 500, 503 (6th Cir.2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.").

Even if the Court chooses to address this assertion, the undersigned recommends that the Court find that it has no merit.  The Ex Post Facto Clause applies "as a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government." *Rogers v. Tennessee*, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), quoting *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).  However, "limitations on ex post facto judicial decision-making are inherent in the notion of due process." *Id.*  Thus, Ex Post Facto Clause principles apply to the courts through the Due Process Clause.  *Rogers*, 523 U.S. at 458-459.  Accordingly, the constitutionality of judicial action turns on the traditional due process principles of "'notice, foreseeability, and, in particular, the right to fair warning,'" rather than the specific prescriptions of the Ex Post Facto Clause. *Shamaly v. Duffey*, No. 1:09CV680, 2010 WL 4835021, at *4 (N.D. Ohio, Nov. 23, 2010), quoting *Rogers*, 523 U.S. at 458-459, and citing *Hooks v. Sheets*, 603 F.3d 316, 320–21 (6th Cir.2010).

As explained above, the Ohio Supreme Court in *Foster* severed enhancements that it found unconstitutional, including Ohio Revised Code sections 2929.14(D)(2)(b), which required findings

-20-

for repeat violent offenders.  *Foster*, 109 Ohio St.3d at 29.  That court, following the United States Supreme Court's holding in *Booker*, 543 U.S. 220, held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30.  The *Foster* court found that after the severance of Ohio Revised Code section 2929.14(D)(2)(b), "judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender...specifications."  109 Ohio St.3d at 29-30.

Every other Court in this District has rejected similar Ex Post Facto challenges to retroactive sentencing under *Foster*. *See Shamaly v. Duffey*, No. 1:09CV680, 2010 WL 4835021 (N.D. Ohio Nov. 23, 2010), (Zouhary, J.);  *Newsome v. Brunsman*, No. 1:08CV1938, 2010 WL 319792, (N.D.Ohio Jan.20, 2010), (Zouhary, J.); *Gonzales v. Welch*, No. 3:08CV2269, 2010 WL 3222085 (N.D.Ohio Aug.13, 2010), (Gwin, J.); *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Feb.1, 2008), (Nugent, J); *Cooper v. Hudson*, No. 3:07CV610, 2008 WL 2001282 (N.D.Ohio May 5, 2008), (Polster, J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 WL 2484188 (N.D.Ohio June 17, 2008), (Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 WL 185765 (N.D.Ohio Jan.23, 2009), (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 WL 1067321 (N.D.Ohio Apr.21, 2009), (Gaughan, J.); *Orwick v. Jackson*, No. 3:09CV0232, 2009 WL 4043352 (N.D.Ohio Nov.20, 2009), (Boyko, J.); *Ashley v. Gansheimer*, No. 1:08CV2556, 2010 WL 1924459 (N.D.Ohio May 12, 2010), (O'Malley, J.).

Moreover, *Foster* and *Hunter* impact Petitioner's punishment, not whether his conduct was innocent.  *See Schweitzer v. Williams*, 695 F.Supp.2d 646, 666-667 (N.D. Ohio Feb. 19, 2010). Petitioner also had fair warning that he could face additional time for being a repeat violent offender both pre- and post-*Foster*.  Accordingly, the undersigned recommends that the Court find no merit to Petitioner's Ex Post Facto/Due Process assertion.

## VII.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: August 29, 2012                          */s/ George J. Limbert*
                                               GEORGE J. LIMBERT
                                               UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).