**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **GEORGE EVANS,** | ) | **CASE NO.  1: 11 CV 379** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MARGARET BRADSHAW, Warden,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate

Judge Limbert (Doc. 11) recommending that the Court dismiss petitioner's pending Petition

for a Writ of *Habeas Corpus*.  Petitioner has filed objections to the Report and

Recommendation.  For the reasons stated below, the Court accepts the Report and

Recommendation and dismisses the petition.

      **Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b), the district court reviews *de novo* "any part of [a]

magistrate judge's disposition that has been properly objected to."  "The district judge may

accept, reject, or modify the recommended disposition; receive further evidence or return the

matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(3).  "When no timely

1

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

**Background**

In January 2004, the Cuyahoga County Grand Jury indicted petitioner of rape and kidnaping. The rape charge contained a notice of prior conviction, a repeat violent offender specification, one and three year firearm specifications, and a sexually violent predator specification. The kidnaping charge contained a notice of prior conviction, a repeat violent offender specification, one and three year firearm specifications, a sexually violent predator specification, and a sexual motivation specification.

Petitioner entered a plea of not guilty to the charges and waived his right to a trial by jury, electing to have his case tried by the court. On August 20, 2004, after a bench trial, the trial court found petitioner guilty of rape and kidnaping with all of the specifications except the three-year firearm specifications. Petitioner was subsequently sentenced by the court to fourteen years to life imprisonment: one year on the firearm specifications plus three years on the repeat violent offender specifications to be served prior to and consecutively to ten years each on the rape and kidnaping charges, with those sentences to run concurrently with each other due to the sexually violent predator specifications.

Petitioner appealed to the Ohio Court of Appeals. The court of appeals affirmed petitioner's convictions but remanded the case for re-sentencing and to vacate the firearm specification. The court found that the sentence imposed for the repeat violent offender specification was contrary to law because the trial court failed to make findings required by

former Ohio Rev. Code §2929.14(D)(2)(b).[1]  The court also found that the trial court

committed plain error in convicting petitioner of the one-year firearm specification because

there was not enough circumstantial evidence to support the conviction.  The court of appeals

vacated the entire sentence and remanded for re-sentencing.

The case was appealed to the Ohio Supreme Court, which reversed the court of

appeal's decision to vacate petitioner's entire sentence.  After remand to the trial court,

petitioner was re-sentenced to ten years imprisonment on the kidnaping conviction, an

additional three years imprisonment pursuant to a repeat violent offender specification, and a

term of ten years to life on the rape conviction due to a sexually violent offender

specification.

Petitioner again appealed his sentence to the Ohio Court of Appeals, asserting one

assignment of error:  that the "RVO enhanced sentence imposed" upon him constituted a

deprivation of his liberty without due process of law and a violation of his constitutional right

---

[1]

At the time, Ohio Revised Code § 2929.14(D)(2)(b) provided:

(b) If the court imposing a prison term on a repeat violent offender imposes the
longest prison term from the range of terms authorized for the offense under
division (A) of this section, the court may impose on the offender an additional
definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten
years if the court finds that both of the following apply . . .

(i) The terms so imposed are inadequate to punish the offender and protect the
public from future crime . . .

(ii) The terms so imposed are demeaning to the seriousness of the offense,
because one or more of the factors under section 2929.12 of the Revised Code
indicating that the offender's conduct is more serious than conduct normally
constituting the offense are present, and they outweigh the applicable factors
under that section indicating that the offender's conduct is less serious than
conduct normally constituting the offense.

3

to a trial by jury.  Petitioner argued that the trial court's imposition of a prison term for the repeat violent offender specification was in contravention of the Ohio Supreme Court's pronouncements in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006).  In *Foster*, the Ohio Supreme Court held, in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), that statutes requiring judicial findings prior to the imposition of maximum, non-minimum, or consecutive sentences violated the Sixth Amendment right to a jury trial on the facts relied upon in enhancing sentences.

The Ohio Court of Appeals, however, rejected petitioner's appeal and held that the trial court's enhancement of petitioner's sentence pursuant to Ohio's repeat violent offender specification was appropriate and did not violate the Sixth Amendment.  The court of appeals reasoned that the Supreme Court's decision in *Foster* did not invalidate Ohio's repeat violent offender specification itself but only excised the portions of Ohio's sentencing statutes that required judicial fact-finding in order to impose an enhanced sentence.

Petitioner appealed the court of appeals' ruling to the Ohio Supreme Court.  The Ohio Supreme Court affirmed the judgment of the court of appeals on the basis of the Ohio Supreme Court's subsequent decision in *State v. Hunter*, 123 Ohio St.3d 164, 915 N.E.2d 292 (Ohio 2009).  In *Hunter*, the Ohio Supreme Court held that *Foster* did not invalidate Ohio's repeat violent offender specification altogether but simply "excised judicial fact-finding from former R.C. 2929.14(D)(2)."  *Hunter*, 123 Ohio St. at 166.  *Hunter* held that the Sixth Amendment rights of a defendant were not violated by an enhanced sentence.  The court reasoned that the defendant waived any possible rights he may have had to a jury trial on

4

issues relating to sentence enhancements by asking for a bench trial on the issue and by stipulating to facts supporting the specification. In addition, the court held that, even if the defendant had not waived his right to a jury trial or stipulated to the required facts, the trial court did not violate the defendant's Sixth Amendment rights in designating the defendant as a repeat violent offender because the facts required to support the sentence could be determined from the "judicial record" and did not involve unconstitutional judicial fact-finding. The court held: "[W]hen designating an offender as a repeat violent offender pursuant to former R.C. 2929.01(DD), a trial court does not violate the Sixth Amendment by considering relevant information about the offender's prior conviction that is part of the judicial record." *Id*. at 172.

**Discussion**

Petitioner asserts a single claim in his *habeas* petition: that he "was denied his Sixth Amendment right to trial by jury when he was sentenced to three years on the basis of Ohio's Repeat Violent Offender Statute, which provides for punishment on the basis of judicial findings that exceeds that available on the basis of a jury's verdict." (Pet. at 4.)

The Magistrate Judge recommends that the Court deny the petition. First, the Magistrate Judge asserts that

> as in *Hunter*, Petitioner waived his right to trial by jury and consented to have his case tried by the court. He also stipulated to his prior conviction, although he later asserted on appeal that counsel was ineffective in making such a stipulation. Nevertheless, issues of waiver and stipulation arise and the Court could find that Petitioner waived his *Apprendi/Blakely* rights by consenting to a trial to the court and stipulating to his prior convictions.

(R&R at 17.)

Further, the Magistrate Judge recommends that even if the Court does not find

5

"waiver and/or stipulation" to bar petitioner's claim, the Court should find that the Ohio Supreme Court's decision, which relied on *Hunter* in affirming petitioner's re-sentencing, is not contrary to or involve an unreasonable application of federal law.

Petitioner objects to the Report and Recommendation, contending that *Hunter* is contrary to and constitutes an unreasonable application of *Apprendi* and *Blakely*. In support of this position, petitioner makes the same arguments in his objections as he made before the Magistrate Judge.

The Court accepts the recommendation of the Magistrate Judge and dismisses the petition. The Magistrate Judge considered all of petitioner's arguments and correctly found that petitioner's Sixth Amendment rights were not violated. The Court agrees with the reasoning and conclusion of the Magistrate Judge that the Ohio Supreme Court's application of *Hunter* in the case was not contrary to and did not involve an unreasonable application of federal law. As in *Hunter*, petitioner consented to have his case tried by the court and stipulated to a prior conviction. Further, *Hunter* demonstrates that petitioner's enhanced sentence for being a repeat violent offender was not the result of constitutionally improper judicial fact-finding. Where the basis for a federal *habeas* claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 provides that the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). A writ of *habeas* corpus is not warranted here as the Ohio Supreme Court reasonably determined that petitioner's constitutional rights were not violated by petitioner's enhanced sentence.

6

**Conclusion**

The Court accepts and adopts the Report and Recommendation of Magistrate Judge Limbert.  For all of the reasons stated above, as well as those stated in the Report and Recommendation of the Magistrate Judge, the pending Petition for a Writ of *Habeas Corpus* is hereby dismissed.

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
Dated: 11/6/12         United States District Judge